76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio MONROY-SALAZAR, Defendant-Appellant.
 No. 95-50098.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1995.
Decided Jan. 18, 1996.
 
 Before: HUG, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Ignacio Monroy-Salazar ("Monroy") of conspiracy to distribute cocaine and of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Monroy to 188 months in custody. Monroy appeals his convictions and his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 Batson Challenge
 
 3
 Monroy first claims Batson error because the Government exercised a peremptory challenge against a 77-year old African-American woman. She was the only African-American regular juror. Monroy contends that the challenge was racially motivated in violation of Batson v. Kentucky, 476 U.S. 79 (1986). The record does not establish that the district court erred.
 
 
 4
 In Batson, 476 U.S. at 96-98, the Supreme Court forged the modern Constitutional test for determining whether a jury is selected in a race-neutral manner. When a juror is challenged, the defendant must first establish a prima facie case of purposeful discrimination. United States v. Bishop, 959 F.2d 820, 824 (9th Cir.1992). The Government must then give a facially race-neutral explanation for the challenge to the court. Id. And finally, the court must determine if the defendant has established purposeful discrimination. Id. We review the district court's determination on purposeful discrimination for clear error. United States v. Vasquez-Lopez, 22 F.3d 900, 901 (9th Cir.), cert. denied, 115 S.Ct. 239 (1994).
 
 
 5
 Here, the Government explained that it challenged the juror due to her age and her perceived hearing problems. Because the Government offered a race-neutral explanation before Monroy presented a prima facie case, the first element is deemed moot. Hernandez v. New York, 500 U.S. 352, 359 (1991) (stating that once Government offers race-neutral explanation for peremptory challenge, defendant need not make prima facie showing of purposeful discrimination because issue is moot); United States v. Changco, 1 F.3d 837, 839-40 (9th Cir.), cert. denied, 114 S.Ct. 619 (1993). Furthermore, the Government's production of a race-neutral explanation satisfied its burden under Batson. See Hernandez, 500 U.S. at 360 (unless discriminatory intent is inherent in Government's explanation, reason offered is deemed race-neutral).
 
 
 6
 We now turn to the third prong: whether Monroy carried his burden of establishing purposeful discrimination. Monroy contends that the Government's strike was a "ruse," but he presents no evidence supporting this position, except to suggest that the stricken juror was the only African-American member on the regular panel. He asks us to infer purposeful discrimination as a means of finding clear error simply based on this fact.
 
 
 7
 The district court evaluated the Government's explanation, determined that it was not pretextual, and overruled Monroy's Batson objection. Batson is not violated simply because the only African-American juror is struck from the jury. See Vasquez-Lopez, 22 F.3d at 902. This is not sufficient to prove purposeful discrimination. We conclude that the district court did not clearly err in determining that the Government's challenge was not racially motivated. Monroy's Batson challenge based on age is similarly without merit.
 
 II.
 Improper Vouching
 
 8
 Monroy next argues that the district court erred by failing to sua sponte instruct the jury regarding alleged improper vouching. He refers this court to three incidents where the Government allegedly committed improper vouching during its closing argument: first, when the Government stated that the Government-turned witness Jaime Lopez ("Lopez") would lose the benefit of his plea agreement if he lied to the Government; second, when the Government assured the jury that if a conspiracy existed the presentation of evidence would have been much smoother; and third, when the Government assured the jury that the Government is bound by a high standard of ethics when presenting evidence at trial, thus implying that Agent Salazar, the agent assigned to the case, was telling the truth.
 
 
 9
 Because Monroy's counsel failed to object to the alleged improper vouching at trial, we review for plain error. United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir.1986), cert. denied, 479 U.S. 1104 (1987). We must review the alleged improper vouching against the backdrop of the entire record to determine if it contributed to a miscarriage of justice. Id. "Vouching consists of placing the prestige of the Government behind the witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993).
 
 
 10
 In the present case, the first and third vouching claims alleged by Monroy are meritless. Monroy's counsel repeatedly and consistently attacked the veracity of Lopez and Agent Salazar. The Government, however, as a response to repeated attacks against the veracity of Government witnesses, can inform the jury that witnesses face severe consequences if they lie on the stand. United States v. Parker, 991 F.2d 1493, 1498-99 (9th Cir.), cert. denied, 114 S.Ct. 121 (1993); United States v. West, 680 F.2d 652, 655 (9th Cir.1982). Because of the repeated attacks, the Government's response was proper.
 
 
 11
 We also determine that the second alleged vouching claim is meritless. Even assuming that the Government statements are construed as improper vouching, the alleged vouching was mild and the district court's jury instructions pertaining to witness credibility cured the alleged vouching. See Necoechea, 986 F.2d at 1280. Therefore, we conclude that the district court's failure to sua sponte instruct the jury regarding the Government's alleged vouching did not constitute plain error.
 
 III.
 Sentencing
 
 12
 Finally, Monroy argues that the district court erred when it enhanced his offense level two points for being an "organizer, leader, manager, or supervisor" under U.S.S.G. § 3B1.1(c). We disagree.
 
 
 13
 A district court's determination that a defendant was an "organizer, leader, manager, or supervisor" is a question of fact reviewed for clear error. United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993). To justify a two-level increase under section 3B1.1(c), the Government must prove by a preponderance of the evidence that a defendant had an aggravating role in the offense. United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994). We have previously held that enhancement is proper where: (1) the defendant oversaw the procurement and distribution of quantities of cocaine and managed two others, United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995); (2) the defendant directed his employee to deliver the chemicals and the defendant stood to profit the most from the transaction, United States v. Roberts, 5 F.3d 365, 371 (9th Cir.1993); and (3) the defendant was the source of the cocaine and a codefendant was managing the transaction with him. United States v. Smith, 924 F.2d 889, 895-96 (9th Cir.1991).
 
 
 14
 In the present case, Monroy: (1) was the source of the cocaine, (2) controlled the transportation of the cocaine via his agent, Sandoval, (3) managed the participation of Lopez and Sandoval, (4) pointed out the location of the cocaine to Agent Salazar, and (5) negotiated for himself the largest share of the profits from the criminal transaction. Based on these facts, we conclude that the district court did not clearly err in finding that Monroy "organized, led, managed or supervised" at least two participants, and thus, it was not error to enhance his sentence under section 3B1.1(c).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3