Anthony BUSH, Petitioner–Appellant,

v.

Cheryl K. PLILER, et al.,
Respondents–Appellees.

No. 04–56348.

D.C. No. CV–01–00042–NAJ/NLS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Dec. 13, 2005.

William R. Burgener, San Diego, CA,
for Petitioner–Appellant.

Anthony Bush, Imperial, CA, pro se.

Douglas P. Danzig, AGCA—Office of the
California Attorney General, San Diego,
CA, for Respondents–Appellees.

Before KLEINFELD and FISHER,
Circuit Judges, and SHADUR, Senior
District Judge.*

MEMORANDUM**

Anthony Bush ("Bush") appeals the district court's denial of his 28 U.S.C. § 2254 ("Section 2254") petition for a writ of habeas corpus. Bush claims that the State violated his constitutional rights via (1) the trial court's failure to require that the prosecutor provide a race-neutral explanation for using a peremptory challenge to excuse the last African–American juror from the alternate jury panel, (2) the trial court's admission into evidence of irrelevant and prejudicial excerpts from letters authored by Bush and the prosecutor's use of those excerpts to comment improperly on Bush's failure to testify at trial, (3) the trial court's exclusion of Bush's trial counsel from an *in camera* proceeding in which the court decided that the identity of two confidential informants would not be disclosed and (4) the state appellate court's denial of access by Bush's appellate counsel to the sealed record of the *in camera* proceeding. We affirm the district court's denial of the writ.

Under Section 2254(d) a writ of habeas corpus on behalf of a petitioner in custody pursuant to a State court judgment is to be granted only if that judgment resulted

---

* The Honorable Milton I. Shadur, Senior Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

in a decision that either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." But that "highly deferential" standard of review (*see Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam)) applies only "with respect to any claim that was adjudicated *on the merits* in State court proceedings" (Section 2254(d) (emphasis added)).

Here the state court system did not adjudicate the merits of Bush's claim invoking *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (instead the California Supreme Court, the only state court to which that claim was presented, rejected that claim on state procedural grounds). We therefore review the *Batson* claim not under Section 2254(d) (*see Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir.2002)) but under Section 2254(e). And under that provision the factual determination by a state court—in this instance the trial court—"shall be presumed to be correct" and can be rebutted only "by clear and convincing evidence."

Those standards, then, govern review of Bush's *Batson* claim (*see Tolbert v. Page*, 182 F.3d 677, 683, 685 (9th Cir.1999) (en banc) (prima facie analysis of whether discrimination in jury selection has taken place involves a "factual inquiry"); *United States v. Esparza–Gonzalez*, 422 F.3d 897, 901 (9th Cir.2005) (clear error review of a finding of no prima facie case of discrimination)), while we review Bush's remaining claims under Section 2254(d). We hold that none of Bush's claims meets the requisite standard of review.

As for Bush's first and strongest claim, we hold that Bush has failed to rebut the trial court's finding of no prima facie case

of discrimination with "clear and convincing evidence." Under *Batson*, 476 U.S. at 93–94, 106 S.Ct. 1712 a prosecutor is required to provide a race-neutral explanation once the defendant has shown that the "totality of relevant facts" surrounding the peremptory challenge at issue "gives rise to an inference of discriminatory purpose." And as Bush himself notes, the mere fact that a prosecutor uses a peremptory challenge to strike a sole prospective African–American juror is not enough on its own to raise such an inference (*see United States v. Vasquez–Lopez*, 22 F.3d 900, 902 (9th Cir.1994)). Nor do the other "relevant facts" to which Bush directs our attention (the facts that racial motivation was part of the prosecution's theory of the case, that the defendant was African–American and the victim was White and that the remaining jurors were all White) provide sufficient further indication of any purposeful discrimination on the prosecution's part. There is not enough here for us to hold that the trial court's finding of fact that no prima facie case of discrimination had been made out constituted clear error.

Two added and related points should be made:

1. Because this court's opinion in *Nevius v. Sumner*, 852 F.2d 463 (9th Cir.1988), antedated *Batson*, we do not rely on the harmless error approach taken in *Nevius*. We thus have no occasion to opine on whether that approach survives *Batson*.

2. If we were to adopt Bush's position, which is essentially that a peremptory challenge of the last potential African–American juror violates *Batson* even if the challenge is not race-based, that might constitute a new rule that would run afoul of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Those considerations further buttress the conclusion we have reached.

Bush's remaining claims require no extended treatment, for each fails to meet the rigorous requirements of either of the AEDPA standards under Section 2254(d). In sum, the trial counsel's exclusion from the *in camera* proceeding, the admission of the letter excerpts, the prosecutor's comments at closing and the appellate counsel's inability to access the record of that proceeding—both singly and in combination—were neither contrary to, nor involved an unreasonable application of, clearly established law, nor did they involve an unreasonable determination of the facts.

We therefore affirm the district court's denial of a writ of habeas corpus.

**AFFIRMED.**