**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julio Cesar VASQUEZ–LOPEZ,
Defendant–Appellant.**

No. 93–50155.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1994.

Decided April 18, 1994.

Oswald Parada, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Christopher Tayback, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge; FARRIS, and KLEINFELD, Circuit Judges.

FARRIS, Circuit Judge:

Julio Cesar Vasquez–Lopez appeals his conviction for cultivating marijuana and using a firearm during and in relation to a drug trafficking offense. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1). He argues that the government's peremptory challenge of the only Black prospective juror violated *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

## BACKGROUND

During jury selection, defense counsel objected to the government's peremptory challenge to the only Black juror on the panel. The government began to offer an explanation for the challenge—the prosecutor's perception that the prospective juror was inat-

tentive and not interested in being a juror—when the judge interrupted and told defense counsel to explain what facts supported an inference of intentional discrimination. Vasquez–Lopez's counsel stated that the challenged juror was the only Black juror on the entire panel and that she lived in South Central Los Angeles, as did Vasquez–Lopez. Counsel further contended that there was no reason to believe that the challenged juror, an accountant and mother of four children, would be an unqualified or biased juror. The district court ruled that Vasquez–Lopez had failed to establish a prima facie case of purposeful discrimination and excused the juror.

The government exercised a total of three peremptory challenges. As finally constituted, the jury consisted of seven men and five women. One of the jurors had a Latino surname and another, an Asian surname.

## DISCUSSION

A district court's findings regarding purposeful discrimination in the jury selection process will not be disturbed unless clearly erroneous. *United States v. De Gross,* 960 F.2d 1433, 1442 (9th Cir.1992) (en banc).

The Constitution forbids all parties in either criminal or civil trials from challenging prospective jurors solely on account of their race. *Georgia v. McCollum,* —— U.S. ——, ——, 112 S.Ct. 2348, 2359, 120 L.Ed.2d 33 (1992); *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 629–31, 111 S.Ct. 2077, 2088, 114 L.Ed.2d 660 (1991); *Batson,* 476 U.S. at 89, 106 S.Ct. at 1719.[1] Peremptory challenges based solely on race are prohibited even if, as in this case, the defendant is of a different race than the juror being struck. *Powers v. Ohio,* 499 U.S. 400, 402, 111 S.Ct. 1364, 1366, 113 L.Ed.2d 411 (1991). Vasquez–Lopez bore the initial burden of establishing a prima facie case by showing that the circumstances surrounding the peremptory challenge of the juror raised an

[1]. Vasquez–Lopez was tried in a federal court. Therefore, our analysis is based on the due process clause of the fifth amendment, which contains an equal protection component. *Bolling v. Sharpe,* 347 U.S. 497, 498–500, 74 S.Ct. 693, 694–695, 98 L.Ed. 884 (1954). We approach equal protection claims in the same manner, whether they are brought under the fifth or fourteenth amendment. *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228, n. 2, 43 L.Ed.2d 514 n. 2 (1975); *United States v. Bishop,* 959 F.2d 820, 823 n. 4 (9th Cir.1992).

inference of purposeful discrimination by the government. Only after a defendant has met the initial burden of proof is the government required to provide a race-neutral explanation for the challenge. *Batson,* 476 U.S. at 96–98, 106 S.Ct. at 1723–24; *United States v. Childs,* 5 F.3d 1328, 1337 (9th Cir.1993).

To establish a prima facie case, Vasquez–Lopez did not need to show that the prosecution had engaged in a pattern of discriminatory strikes against more than one prospective juror. We have held that the Constitution forbids striking even a single prospective juror for a discriminatory purpose. *See, e.g., United States v. Lorenzo,* 995 F.2d 1448, 1453–54 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 225, 126 L.Ed.2d 180 (1993); *United States v. Bishop,* 959 F.2d 820, 827 (9th Cir.1992).[2] But just as "one" is not a magic number which establishes the absence of discrimination, the fact that the juror was the one Black member of the venire does not, in itself, raise an inference of discrimination. Using peremptory challenges to strike Blacks does not end the inquiry; it is not per se unconstitutional, without more, to strike one or more Blacks from the jury. *Batson,* 476 U.S. at 101, 106 S.Ct. at 1725 (White, J., concurring). A district court must consider the relevant circumstances surrounding a peremptory challenge. *Batson,* 476 U.S. at 96–97, 106 S.Ct. at 1723.

The Eleventh Circuit's decision in *United States v. Horsley,* 864 F.2d 1543 (11th Cir. 1989), is compatible with our approach. In *Horsley,* the government struck the only Black member of the venire. *Id.* at 1544. The district court mistakenly assumed that *Batson* required evidence of a systematic pattern of discrimination against more than one juror and ruled that the defendant had failed to establish a prima facie case. The Eleventh Circuit held that a prima facie case does not require proof of a pattern of peremptory strikes against any set minimum number of prospective jurors. But instead of concluding that the prosecution's challenge of the only Black prospective juror necessarily

raised an inference of discrimination, the Eleventh Circuit remanded so that the district court could consider all relevant circumstances. *Id.* at 1546.

We give broad deference to district judges, who observe the *voir dire* first hand. *Lorenzo,* 995 F.2d at 1455; *United States v. Chinchilla,* 874 F.2d 695, 697–98 (9th Cir. 1989). Nothing in the record supports a conclusion that the district judge committed clear error when he held that Vasquez–Lopez had failed to establish a prima facie case. The judge appropriately considered the impact of the government's challenge on the composition of the jury. There were other factors. *Clemons,* 843 F.2d at 748–49 (stating that district judges have broad discretion to determine the relevant factors). The prosecutor's questions and statements during the selection of the jury failed to support an inference of purposeful discrimination. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. The government's other peremptory challenges did not suggest a general pattern of discrimination against racial minorities. *Cf. id.* The challenged prospective juror was not treated differently than other prospective jurors who were similar in relevant aspects except race. *Horsley,* 864 F.2d at 1546. The one fact supporting Vasquez–Lopez's *Batson* claim was the juror's status as the sole Black prospective juror. More was required.

AFFIRMED.

---

**2.** *See also United States v. Lane,* 866 F.2d 103, 105 (4th Cir.1989); *United States v. Clemons,* 843 F.2d 741, 747 (3rd Cir.), *cert. denied,* 488 U.S. 835, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988): *United States v. Battle,* 836 F.2d 1084, 1086 (8th Cir. 1987); *United States v. David,* 803 F.2d 1567, 1571 (11th Cir.1986).