113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salina CRUZ-OAXACA, Defendant-Appellant.
 No. 96-30248.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 12, 1997.
 
 Before: BOOCHEVER, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Batson Claim
 
 2
 Cruz-Oaxaca contends that the prosecutor eliminated a venireperson on the basis of race. To determine whether a prosecutor has discriminatorily selected jurors, a district judge applies a three-part test. First, the judge must determine whether the defendant has made out a prima facie case of purposeful discrimination. Second, the government must articulate a race-neutral explanation for challenging the juror in question. Finally, the trial court decides whether the articulated reason is pretext and whether the defendant has in fact established that the prosecution engaged in purposeful discrimination. Purkett v. Elem, 115 S.Ct. 1769, 1770-71 (1995) (per curiam); United States v. Chinchilla, 874 F.2d 695, 697 (9th Cir.1989).
 
 
 3
 "A district court's findings regarding purposeful discrimination in the jury selection process will not be disturbed unless clearly erroneous." United States v. Vasquez-Lopez, 22 F.3d 900, 901 (9th Cir.1994). "Since the district court's determination of whether a peremptory challenge constituted purposeful discrimination turns on an evaluation of credibility of the prosecutor's explanation, we should give those findings great deference." Chinchilla, 874 F.2d at 697-98.
 
 
 4
 As the district court noted, two of the reasons offered, gum chewing and serious demeanor, were not legitimate, nonpretextual reasons to challenge juror Gomez. The third reason, Gomez's evasive answer to a voir dire question, however, is a permissible reason to excuse a juror with a peremptory challenge. See United States v. Power, 881 F.2d 733, 740 (9th Cir.1989) (government can excuse juror for poor attitude in answer to voir dire questions). Cruz-Oaxaca argues that because the other two given reasons were pretextual, this court should look with suspicion on the third answer as well. See Chinchilla, 874 F.2d at 699 (criteria offered normally considered "neutral," but fact that two of four proffered reasons "do not hold up under judicial scrutiny militates against their sufficiency").
 
 
 5
 Even with a suspicious eye, however, the district court's reliance on the "evasive" reason survives our scrutiny. While other jurors offered vague answers in response to the substance abuse question, Gomez's answer was qualitatively different. Gomez gave no indication of his personal feelings toward or experience with drugs, nor whether he could be fair in a trial that involved them. On the other hand, the other jurors' responses, while perhaps vague, permitted the lawyers to surmise the respondent's feelings about drugs.
 
 
 6
 The district court's finding that the "evasive" reason was race neutral and nonpretextual was not clearly erroneous.
 
 II. Refusal to Strike Testimony
 
 7
 For the purposes of this disposition, we assume without deciding that the district court accurately ruled that the government violated Fed.Rule.Crim P. 16(a)(1)(E).
 
 
 8
 When the court ruled that the government had violated the discovery rule, it offered Cruz-Oaxaca the option of a recess in order to obtain expert testimony of his own. Cruz-Oaxaca twice declined that invitation. The government now contends that any damage that was done by its violation of the rule was sufficiently remedied by the opportunity offered to Cruz-Oaxaca to secure his own expert.
 
 
 9
 Cruz-Oaxaca, on the other hand, argues that the harm he suffered was his lawyer's lack of preparation for the expert testimony and the resulting ineffective cross-examination of that witness. He suggests that he had no obligation to obtain an expert of his own, that further expert testimony would not have properly remedied his suffered harm, and that the only proper remedy was to strike the officer's testimony.
 
 
 10
 To reverse a conviction for a discovery violation, this court must find not only that the district court abused its discretion, but that the error prejudiced the defendant's substantial rights. United States v. Baker, 10 F.3d 1374, 1398 (9th Cir.1993) (as amended); United States v. Michaels, 796 F.2d 1112, 1115 (9th Cir.1986). Moreover, "[a] district court has broad discretion to fashion remedies for the violation of its discovery orders." Baker, 10 F.3d at 1398 (quoting United States v. Spillone, 879 F.2d 514, 522 (9th Cir.1989).
 
 
 11
 Cruz-Oaxaca's "substantial rights" were not impaired by the district court's refusal to strike the officer's testimony. True, he may have been unable to cross-examine the police officer as effectively as if he had known ahead of time the content of the officer's testimony. Nonetheless, he had the opportunity to find an expert who would testify that the quantity of amphetamine he possessed was consistent with personal use. Moreover, it is difficult to imagine that Cruz-Oazaca was not prepared for the possibility that someone would suggest at trial that the amount of amphetamines he possessed indicated an intent to distribute them. He certainly knew that he had been charged with possession with intent to distribute.
 
 
 12
 In light of the opportunities it granted Cruz-Oaxaca to obtain an expert of his own, the district court did not violate the defendant's substantial rights by refusing to strike the police officer's expert testimony.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3