122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Anthony WILLOUGHBY, Petitioner-Appellant,
v.
J.M. RATELLE, Warden; Attorney General of the State of
California Respondents-Appellees.
 No. 96-55750.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Filed Sept. 5, 1997.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Michael Anthony Willoughby appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1992 conviction for robbery, assault with a firearm, and false imprisonment by violence. Willoughby contends that the only Black prospective juror was dismissed in violation of Batson v. Kentucky, 476 U.S. 79 (1986).[1] We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of a Batson challenge. See Burks v. Borg, 27 F.3d 1424, 1426 (9th Cir.1994). "In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct, and may be set aside, absent procedural error, only if they are not 'fairly supported by the record.' " Purkett v. Elem, 514 U.S. 765, 769 (1995) (per curiam) (quoting 28 U.S.C. § 2254(d)).
 
 
 4
 A prosecutor's racially discriminatory use of peremptory challenges constitutes a violation of equal protection. See Batson, 476 U.S. at 96. To establish a prima facia case of a Batson violation, a defendant must show that (1) he is a member of a cognizable racial group; (2) the prosecutor has removed members of such a racial group; and (3) circumstances raise an inference that the prosecutor used the challenges to exclude persons from the jury based on their race. See Turner v. Marshall, 63 F.3d 807, 812 (9th Cir.1995). "[T]he fact that the juror was the one Black member of the venire does not, in itself, raise an inference of discrimination." United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir.1994). The trial court must: consider the relevant circumstances surrounding a peremptory challenge. See id.
 
 
 5
 Here, the trial court found that Willoughby did not establish a prima facia case of a Batson violation. When asked what evidence he could present to establish a prima facia showing, trial counsel responded that none of the prospective juror's answers to the general voir dire indicated reason for the prosecution to challenge him and that neither counsel had asked the juror any specific questions. This finding is not clearly erroneous. See id.; Purkett, 514 U.S. at 769.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4 Accordingly, Willoughby's motion for appointment of counsel and for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Willoughby also appears to allege that his due process rights were violated because the jury pool did not represent a cross-section of the community. We decline to address this issue because it is raised for the first time on appeal. See Morgan v. Brunnell, 24 f.3d 49, 52 (9th Cir.1994) (holding that this court does not address issues not raised in the habeas petition)