139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Elizabeth CERVANTES, Defendant-Appellant.
 No. 97-50230.
D.C. No. CR-96-01839-1-LCN.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1998*.
Decided Feb. 6, 1998.
 
 Appeal from the United States District Court for the Southern District of California Leland C. Nielsen, District Judge, Presiding.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Cervantes appeals from her conviction for importation of marijuana in violation of 21 U.S.C. §§ 952, 960. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely filed appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Cervantes raises two issues on appeal. First, she argues that the district court erred in summarily rejecting her Batson challenge, based on the government's peremptory strike of the sole Hispanic member of the jury venire. Cervantes bore the burden of presenting a prima facie case of purposeful discrimination. United States v. Chinchilla, 874 F.2d 695, 697 (9th Cir.1989). The single fact that Cervantes cited to raise an inference of discrimination was that the government struck the lone Hispanic juror. We held in United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir.1994), that "[m]ore was required" to present a prima facie case. Cervantes unpersuasively attempts to distinguish Vasquez-Lopez on the ground that there, the defendant and the excluded juror were of different races, unlike this case. In Powers v. Ohio, 499 U.S. 400, 406, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court rejected a requirement that the defendant and the juror be of the same race, holding that a challenge by a defendant of a race different from the excluded juror was constitutionally identical to one where both were of the same race.
 
 
 3
 The second issue raised on appeal is whether the district court erred in its treatment of the jury's request for a read-back of portions of testimony after deliberations had begun. We review this decision for an abuse of discretion. United States v. Sandoval, 990 F.2d 481, 486 (9th Cir.1993).
 
 
 4
 Initially, Cervantes contends that the district court violated Rule 43 of the Federal Rules of Criminal Procedure by communicating with the jury outside her presence. To obtain reversal of her conviction for such a violation, Cervantes must show "the trial judge responding to the jury's communications affected the outcome of the trial." United States v. Birges, 723 F.2d 666, 671 (9th Cir.1984). Cervantes does not even attempt to identify any prejudice, and we do not perceive any either. After the allegedly improper communication had occurred, Cervantes objected to the court's proposal for reading back testimony, an objection that was overruled. Thus, there would have been no difference in the outcome even if she had been present when the court decided to respond to the jury request.
 
 
 5
 Cervantes also argues that the read-back unduly emphasized one portion of testimony. The district court instructed the jury before and after the read-back that the jury "should weigh all the evidence and not focus on any portion of the transcript that the reporter is going to be reading." Cervantes contends that this curative instruction was insufficient, because the court did not allow her an opportunity to review the transcript for inaccuracies. Although United States v. Hernandez, 27 F.3d 1403, 1408 (9th Cir.1994), does contain such a requirement, that case dealt with the situation where the transcript was given to the jury to be reviewed in the jury room, as opposed to a read-back. Therefore, the district court did not abuse its discretion in refusing to allow her to review the transcript.
 
 
 6
 We do not agree that the read-back was unduly suggestive. The portion of Agent Phillips's testimony that was read back consisted of both cross-examination and direct examination. The portion of Agent Lane's testimony that was read back was entirely cross-examination. Cervantes suggests that her own testimony should have been read back as well. However, the jury did not request to have Cervantes's testimony read back; they asked only for Agents Lane and Phillips's testimony. The district court's choice of testimony to be read back consisted of "those parts of the testimony responsive to the jury's communication." See Sandoval, 990 F.2d at 486. We hold that the district court did not abuse its discretion.
 
 
 7
 AFFIRMED.
 
 
 8
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4