141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles DAVIS, Petitioner-Appellant,
v.
Steven CAMBRA, Jr., Respondent-Appellee.
Eldra JACKSON, Petitioner-Appellant,
v.
Charles MARSHALL, Respondent-Appellee.
 No. 97-15568, 97-15713.
D.C. No. CV-95-00882-WBS.
D.C. No. CV-93-01864-WBS.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 State prisoners Davis and Jackson appeal the district court's denial of their habeas corpus petitions. We have jurisdiction over these timely filed appeals pursuant to 28 U.S.C. § 2253(a). Because the petitions were filed in 1993, the provisions of the Antiterrorism and Effective Death Penalty Act do not apply. See Lindh v. Murphy, --- U.S. ----, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).
 
 
 3
 Davis and Jackson contend that the district court erred in holding that they had failed to make a prima facie case in the state court of discriminatory use of a peremptory challenge to strike juror H. We must consider whether the "circumstances raise an inference that the challenges were motivated by race." Turner v. Marshall, 63 F.3d 807, 812 (9th Cir.1995).
 
 
 4
 The striking of H., by itself, does not present a prima facie case. See United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir.1994). Nor does the striking of H., considered with the challenge to juror B., create a pattern of discrimination. See United States v. Vaccaro, 816 F.2d 443, 457 (9th Cir.1987). While not dispositive by itself, "[t]he fact that the prosecutor did not attempt to remove all the African-American jurors weighs against [Davis and Jackson's] claim." Turner, 63 F.3d at 813. Finally, Davis and Jackson did not show that "the percentage of prosecutorial challenges made against minorities was disproportionately higher than the percentage of the minority group within the venire." Id. Therefore, the district court did not err in denying the petition on this claim.
 
 
 5
 Next, Davis and Jackson contend that once the trial court found that a challenge to an alternate juror violated Batson, the trial court was required to dismiss the seated jurors and to begin anew. Because no alternates were called to deliberate, this error was harmless. See Nevius v. Sumner, 852 F.2d 463, 468 (9th Cir.1988) (holding that the use of a racially-discriminatory peremptory violated pre-Batson law, but error was harmless). Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), does not stand for a contrary proposition.
 
 
 6
 Davis also argues that his trial counsel was constitutionally ineffective for failing to present evidence that co-defendant Jackson allegedly admitted to being the actual shooter. Although the district court did not address this allegation, we may affirm on any ground finding support in the record. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987).
 
 
 7
 Following an evidentiary hearing during post-conviction proceedings, the state superior court made a factual finding that Davis' trial counsel had not been informed of Jackson's alleged admissions. Davis contends unpersuasively that the presumption of correctness of state court findings, 28 U.S.C. § 2254(d) (1994), should not apply because his state habeas counsel sided with trial counsel and against him. However, the state court inquired into habeas counsel's ability to proceed and was satisfied that he could. Therefore, we hold that trial counsel's performance was not ineffective.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3