**UNITED STATES of America,
Plaintiff–Appellee–Cross–
Appellant,**

v.

**David Victalio TORRES–GALEAS, aka
Grabiel Torres–Garcia, aka Graviel
Torres, aka Victor Jose Gomez–Gar-
cia, aka Miguel Antonio Aldana–Gar-** cia, aka Victelio Galles Garcia, aka Graviel Antonio Torres, aka Jose Ponce, aka Gabriel Torres–Garcia, De-fendant–Appellant, Cross–Appellee.

No. 99–10567, 00–10016.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 18, 2001.

Before REINHARDT, LEAVY, and SILVERMAN, Circuit Judges.

### MEMORANDUM[1]

Torres–Galeas challenges his jury conviction for illegal reentry under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The government cross-appeals the sentence imposed on the ground that the district court erred in applying a two-level downward departure for diminished capacity. We affirm the conviction and sentence, but remand to the district court to correct a technical error in the judgment.

■ Torres–Galeas argues that the district court erred in finding that he had failed to make out a prima facie case under *Batson*. Ordinarily, when a *Batson* challenge is made, the district judge will ask the Assistant United States Attorney for a comment, although there is no legal requirement to do so until a prima facie case of discrimination has been established. *Batson*, 476 U.S. at 97. The district judge based his ruling on an improper ground—that the defense as well as the prosecution had struck an Hispanic juror. However, there was no evidence in the record to support a prima facie showing that the Assistant United States Attorney had exercised his peremptory challenge on the basis of race. *See United States v. Vasquez–Lopez*, 22 F.3d 900, 902 (9th Cir. 1994). The district court therefore did not clearly err in denying Torres–Galeas' *Batson* challenge.

The district court also did not clearly err in finding that the circumstances required for a downward departure based on diminished mental capacity under § 5K2.13 of the Sentencing Guidelines were present. *See United States v. Cantu*, 12 F.3d 1506, 1515 (9th Cir.1993).

■ The judgment contains a technical error because it states that Torres–Galeas has been convicted of violating 8 U.S.C. § 1326(b)(2) as well as 8 U.S.C. § 1326(a). The Supreme Court has recently held that § 1326(b)(2) is a penalty provision and does not constitute a separate crime. *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Where, as here, a defendant is indicted, convicted, and sentenced for a single count pursuant to both § 1326(a) and § 1326(b)(2), the proper procedure is to remand to the district court for entry of a corrected judgment striking the reference to § 1326(b)(2) so that the judgment will reflect that the defendant was convicted of only one punishable offense. *United States v. Rivera–Sanchez*, 222 F.32d 1057, 1061–63 (9th Cir.2000).

AFFIRMED and REMANDED to the district court with instructions to enter a corrected judgment striking the reference to conviction for the offense of violating 8 U.S.C. § 1326(b)(2).

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.