UNITED STATES of America,
Plaintiff—Appellee,

v.

Sergio RENTERIA, Defendant—
Appellant.

No. 99–50630.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2000.

Decided Jan. 25, 2001.

Before D.W. NELSON, BRUNETTI,
and KOZINSKI, Circuit Judges.

MEMORANDUM*

Renteria argues that he had a reasonable expectation of privacy inside the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

856

stash house because it was his workplace under *O'Connor v. Ortega,* 480 U.S. 709, 719, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987). In contrast to the psychiatrist in *O'Connor,* Renteria does not allege that he used the stash house as his workplace for any length of time, that he had ever been there prior to the date of his arrest, nor that he kept personal items there. A defendant who uses an apartment for a few hours to package cocaine and demonstrates no personal connection to the residence does not have a legitimate expectation of privacy there. *See Minnesota v. Carter,* 525 U.S. 83, 91, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998).

■ Renteria also argues that even if he did not have an expectation of privacy in the entire stash house, he had a reasonable expectation of privacy in the toilet tank because it was a closed container used to store his personal belongings—comparable to a suitcase, valise, purse, or footlocker. *See United States v. Fultz,* 146 F.3d 1102, 1105 (9th Cir.1998). However, given that appellant does not assert an ownership interest in the toilet tank itself, nor contend that a toilet tank is typically used to store personal belongings, *Fultz* is inapposite.

■ Finally, the district court did not clearly err in finding that Renteria did not establish a prima facie case of a *Batson* violation. Under *Batson,* a defendant alleging discriminatory purpose must show that: (1) the defendant is a member of a cognizable racial group; (2) the prosecution has removed members of that racial group; and (3) the circumstances raise an inference that the challenges were motivated by race. *Tolbert v. Gomez,* 190 F.3d 985, 988 (9th Cir.1999). Because Renteria is Latino and the government used its first peremptory challenge to strike a Latina

juror, the sole question is whether the totality of relevant circumstances raises an inference that the challenge was motivated by race. Renteria has failed to show (1) that the impact of the government's challenge on the composition of the jury was not considered by the district judge; (2) that the government's other peremptory challenges suggest a general pattern of discrimination against racial minorities; (3) that the prosecutor's questions and statements during jury selection support an inference of purposeful discrimination; or (4) that the challenged prospective juror was treated differently from other prospective jurors who were similar in relevant respects except for race. *See United States v. Vasquez–Lopez,* 22 F.3d 900, 902 (9th Cir.1994).

AFFIRMED.

in this circuit except as provided by Ninth Circuit Rule 36–3.