UNITED STATES of America, Plaintiff–Appellee,

v.

Gregory GOODWIN, Defendant–Appellant.

No. 05–50934.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Jan. 24, 2007.

Becky S. Walker, Esq., Garth E. Hire, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq. Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Gregory Goodwin appeals his judgment and sentence rendered by District Judge Margaret Morrow. He was convicted by a jury of possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Judge Morrow sentenced him to sixty-three months imprisonment followed by three years of supervised release. Goodwin appeals the judgment, arguing that there is no federal jurisdiction for violating

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 922(g)(1) where the only basis for jurisdiction under the Commerce Clause was that the ammunition had been manufactured abroad. Goodwin also argues that the district court erred by denying him a peremptory challenge. Finally, Goodwin appeals the imposition of special conditions of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm in part and reverse in part.

### A. Commerce Clause Jurisdiction

■ Goodwin challenges federal jurisdiction over the felon in possession charge. Goodwin argues that the foreign manufacture of the ammunition is insufficient to warrant federal jurisdiction under the Commerce Clause. This argument is foreclosed by *United States v. Gonzales*, 307 F.3d 906, 914 (9th Cir. 2002) (rejecting the argument that a prosecution under 18 U.S.C. § 922(g)(1) exceeds Congress's power under the Commerce Clause "in accord with the conclusion of every other circuit that has considered the problem").

### B. *Batson* Challenge

■ Goodwin argues that the district court erred by denying him a peremptory challenge. Goodwin's counsel sought to exercise a peremptory challenge against Juror P. The district court denied the challenge, and Juror P remained on the jury, which convicted Goodwin. The district court held that defense counsel's use of a peremptory challenge seeking to strike Juror P violated *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Excluding members of the venire based on a prospective juror's race violates the Equal Protection Clause of the Constitution. *Batson*, 476 U.S. at 85–87, 106 S.Ct. 1712. The Constitution forbids striking even a single prospective juror for a discriminatory purpose. *United States v.* *Vasquez–Lopez*, 22 F.3d 900, 902 (9th Cir. 1994). Accordingly, defense counsel is also prohibited from exercising a peremptory challenge to strike a prospective juror on the basis of race. *Georgia v. McCollum*, 505 U.S. 42, 54–55, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992).

A *Batson* challenge involves a three-part test. First, the opponent of the peremptory challenge must make a prima facie showing that the challenge was based on the race of the prospective juror. *See Batson*, 476 U.S. at 96–97, 106 S.Ct. 1712. Second, the party exercising the peremptory challenge must offer a race-neutral basis for the peremptory challenge. *Id.* at 97–98, 106 S.Ct. 1712. Third, the court must determine whether the opponent of the peremptory challenge has shown that the party exercising the challenge engaged in "purposeful discrimination." *Id.* at 98, 106 S.Ct. 1712.

Step one of *Batson* requires the district court to determine whether there is a prima facie case of racial discrimination. *United States v. Esparza–Gonzalez*, 422 F.3d 897, 901 (9th Cir.2005). However, once the party exercising a peremptory challenge offers a race-neutral explanation for the challenge (as required by *Batson* prong two), the preliminary issue whether the party asserting the *Batson* claim has made a prima facie showing (under *Batson* prong one) becomes moot. *See Hernandez v. New York*, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Thus, once Goodwin's counsel offered a race-neutral explanation for exercising a peremptory challenge against Juror P, the question whether the prosecutor made a prima facie showing of discrimination became moot.

Under step two of *Batson*, defense counsel, as the party making the peremptory challenge, had the burden of stating a race-neutral explanation for his challenge.

Whether a reason for the exercise of a peremptory challenge is race-neutral is reviewed de novo. *McClain v. Prunty*, 217 F.3d 1209, 1220 (9th Cir.2000). Unless a discriminatory intent is inherent in the stated explanation for the peremptory challenge, the reason offered will be deemed race-neutral. *Stubbs v. Gomez*, 189 F.3d 1099, 1105 (9th Cir.1999). For purposes of *Batson* step two, the explanation need not be "persuasive, or even plausible." *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Here, defense counsel explained that he wished to excuse Juror P because Juror P was from an area "so far removed from" the situation before the court. Defense counsel was worried that Juror P would not "have a connection to what has happened here." This is a facially race-neutral reason for striking Juror P, which was specifically "related to the particular case to be tried." *See Batson*, 476 U.S. at 98, 106 S.Ct. 1712.

Finally, in step three of *Batson*, the trial court must determine whether the party making the *Batson* claim (here the prosecution) has established that the party exercising the peremptory challenge (here defense counsel) engaged in purposeful discrimination. In making this determination, the trial court must evaluate the "persuasiveness" of the stated reasons for the exercise of the challenge. *See Purkett*, 514 U.S. at 768, 115 S.Ct. 1769. The district court in the instant case held that defense counsel's stated reasons for exercising a peremptory challenge against Juror P were not race neutral, and the district court ended the *Batson* inquiry at step two. The district court, therefore, denied defense counsel's peremptory challenge, and Juror P remained on the jury.

As explained above, we hold defense counsel's stated reasons to be adequate race-neutral explanations that satisfy step two of *Batson*. Where step two of *Batson* has been satisfied, the court must proceed to step three of *Batson*. *See id.* at 767, 115 S.Ct. 1769. As the district court ended its inquiry at step two, it failed to conduct a full *Batson* inquiry. Therefore, we remand to the district court to complete the *Batson* analysis. If defense counsel did not purposefully discriminate in seeking to strike Juror P, the government has not satisfied its burden under step three of *Batson*. If so, the district court should have allowed the peremptory challenge to stand, and Juror P should not have been sworn in as a juror. Thus, if upon completion of all three steps of the *Batson* analysis the district court concludes on remand that the prosecution failed to establish purposeful discrimination, the district court must order a new trial.

## C. Conditions of Supervised Release

Goodwin also challenges some of the conditions of his supervised release. There appear to be multiple contradictions between the oral pronouncement of sentence and the written sentencing order. Therefore, if the district court's *Batson* analysis does not result in a new trial, the district must resentence Goodwin.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.