**Christopher E. BRAVOT, Petitioner–Appellant,**

v.

**Sylvia GARCIA, Warden, Respondent– Appellee.**

No. 05–56210.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Christopher E. Bravot, Ione, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carl Nolan Henry, Dag, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

California state prisoner Christopher E. Bravot appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Bravot contends that where the prosecution exercised a peremptory strike against the only African–American juror in the venire, the state court erred under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in concluding that Bravot had not established a prima facie case of discrimination. Because "the state court used the 'strong likelihood' standard for reviewing a *Batson* claim, the state court's findings are not entitled to deference and our review is de novo." *Williams v. Runnels*, 432 F.3d 1102, 1105 (9th Cir.2006).

The fact that the prospective juror "was the one Black member of the venire does not, in itself, raise an inference of discrimination." *Wade v. Terhune*, 202 F.3d 1190, 1198 (9th Cir.2000), quoting *United States*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Vasquez–Lopez,* 22 F.3d 900, 902 (9th Cir.1994). We conclude that Bravot failed to establish a prima facie case. *See Wade,* 202 F.3d at 1199.

Appellant's request for a certificate of appealability as to issues not certified by the district court, filed on September 14, 2005, is denied. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). To the extent that Bravot's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.