NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-30028 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-CR-00036-RSL-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JOSE LUCAS ZAMORA, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted November 2, 2009[**]
Seattle, Washington

Before:    ALARCÓN, FERNANDEZ, and CLIFTON, Circuit Judges.

Jose Lucas Zamora appeals his conviction for conspiracy, possession with intent to distribute, and distribution of methamphetamine. See 21 U.S.C. §§ 841, 846. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Zamora asserts that his rights under Batson[1] were violated when the government exercised a peremptory challenge as to one of the prospective jurors in the venire. We disagree.

The district court did apply the correct legal standard in determining whether Zamora had established a prima facie case of discrimination. See Boyd v. Newland, 467 F.3d 1139, 1143 (9th Cir. 2006). Therefore, we review the decision for clear error. See United States v. Collins, 551 F.3d 914, 919 (9th Cir. 2009); Tolbert v. Page, 182 F.3d 677, 685 (9th Cir. 1999) (en banc). The district court did have broad discretion when determining what factors were relevant under the circumstances,[2] did not impede defense counsel's explanation of his position,[3] and properly determined that the circumstances "eroded" the allegations of discrimination.[4] Thus, the district court did not clearly err when it determined that Zamora had not spelled out a prima facie case of discrimination.

AFFIRMED.

---

[1]Batson v. Kentucky, 476 U.S. 79, 95–97, 106 S. Ct. 1712, 1722–23, 90 L. Ed. 2d 69 (1986).

[2]See United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir. 1994).

[3]See Paulino v. Castro, 371 F.3d 1083, 1089–90 (9th Cir. 2004).

[4]Williams v. Runnels, 432 F.3d 1102, 1107–09 (9th Cir. 2006).