**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOBASSA BOYD,<br><br>Petitioner - Appellant,<br><br>v.<br><br>KAMALA D. HARRIS, Attorney General for the State of California,<br><br>Respondent - Appellee. | No. 10-16913<br><br>D.C. No. 5:00-cv-21287-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted January 15, 2013[**]
San Francisco, California

Before: CUDAHY,[***] GRABER, and FISHER, Circuit Judges.

   Petitioner Mobassa Boyd appeals the district court's denial of habeas corpus

relief on remand after our earlier opinion, Boyd v. Newland, 467 F.3d 1139 (9th

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

   [***]   The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

Cir. 2006), of his claim under Batson v. Kentucky, 476 U.S. 79 (1986). Reviewing de novo, Cudjo v. Ayers, 698 F.3d 752, 761 (9th Cir. 2012), petition for cert. filed, 81 U.S.L.W. 3457 (U.S. Feb. 4, 2013) (No. 12-971), we affirm.

The district court correctly held that, considering the voir dire transcript and the notes of Petitioner's trial counsel, Petitioner's Batson claim fails.[1] A "'defendant satisfies the requirements of Batson's first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.'" Boyd, 467 F.3d at 1145 (quoting Johnson v. California, 545 U.S. 162, 170 (2005)). Although that threshold is "quite low," id., the evidence in the record here was insufficient.

The prosecutor used one peremptory strike on an African-American prospective juror and three peremptory strikes on white prospective jurors. An alternate juror was African-American, another alternate juror was Hispanic, and two members of the jury were Hispanic. Statistical analysis does not give rise to an inference of discrimination. See United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir. 1994) ("The one fact supporting Vasquez-Lopez's Batson claim was the juror's status as the sole Black prospective juror. More was required."); id.

[1] The district court also held, in the alternative, that Petitioner could not expand the record under 28 U.S.C. § 2254(e)(2). We need not, and do not, reach that issue; like the district court, we assume without deciding that we may consider all the proffered material.

("[J]ust as 'one' is not a magic number which establishes the absence of discrimination, the fact that the juror was the one Black member of the venire does not, in itself, raise an inference of discrimination."); see also Fernandez v. Roe, 286 F.3d 1073, 1078 (9th Cir. 2002) ("Because the numbers are so small (and, hence, potentially unreliable), two such challenges, standing alone, may not be sufficient to support an inference of discrimination."); United States v. Chinchilla, 874 F.2d 695, 698 n.4 (9th Cir. 1989) ("[T]he willingness of a prosecutor to accept minority jurors weighs against the findings of a prima facie case.").

Comparative analysis, too, fails to give rise to an inference of discrimination.[2] Unlike the seated jurors, the excused juror volunteered that she was a grandmother who spent her free time with her grandchildren, and she expressed some hesitation about whether she would call the police on a loved one. Those facts were important, because the criminal charges here resulted from the fact that Petitioner's grandmother called the police to report Petitioner's strange and potentially dangerous behavior. Similarly, the excused juror expressed more hesitation about the effect of her absence on her work responsibilities than any other seated juror.

**AFFIRMED.**

---

[2] Petitioner's argument that comparative juror analysis is inappropriate as a matter of law overlooks our specific instructions to the district court on remand. Boyd, 467 F.3d at 1147–50.