MURGUIA, Circuit Judge,
dissenting:
I respectfully dissent. The first step of the Batson inquiry is not onerous Johnson v. California, 545 U.S. 162, 170, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). The prosecutor struck three out of the four African-American prospective jurors. I conclude that this disproportionate number of stricken African-American venirepersons is sufficient to establish a prima facie case under Batson. See Williams v. Runnels, 432 F.3d 1102, 1107 (9th Cir.2006) (a statistical disparity alone may be sufficient to establish a prima facie case).
Although the trial judge observed that race-neutral reasons existed for striking Cooper and Lewis, “it does not matter that the prosecutor might have had good reasons to strike the prospective jurors. What matters is the real reason they were stricken.” Paulino v. Castro, 371 F.3d 1083, 1090 (9th Cir.2004). Without the prosecutor’s reasons for the strikes, the district court’s comparative juror analysis is unable to compare the African-American jurors with other jurors on the basis of the prosecutor’s stated reasons for striking them. See Johnson v. Finn, 665 F.3d 1063, 1071 (9th Cir.2011) (the existence of race-neutral reasons for a peremptory strike “cannot negate the existence of a prima facie showing in the first instance”).
*436 Finally, the fact that Pese is Samoan, not African-American, does not prevent him from making out a prima facie case under Batson. See United States v. Vasquez-Lopez, 22 F.3d 900, 901 (9th Cir.1994) (“Peremptory challenges based solely on race are prohibited even if ... the defendant is of a different race than the juror being struck.”) I would remand to the district court to give the defendant the opportunity to hear and address the prosecutor’s reasons for striking each prospective juror.