**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOEL JACKSON,

                    Petitioner-Appellee,

    v.

RONALD BROOMFIELD, Warden of
California State Prison at San Quentin,

                    Respondent-Appellant.

No.    22-55937

D.C. No. 2:97-cv-03531-MWF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 7, 2024
Pasadena, California

Before:  H.A. THOMAS and DESAI, Circuit Judges, and MÁRQUEZ,[**] District
Judge.

    Appellant Ron Broomfield, Warden of San Quentin Rehabilitation Center,

appeals the district court's grant of habeas relief to Appellee, Noel Jackson, who is

serving a sentence of life in prison without parole. Broomfield contends that the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

district court erred in finding that the prosecutor at Jackson's trial impermissibly struck all Black potential jurors in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).[1] Specifically, Broomfield argues that the district court erred when, after conducting a comparative juror analysis, it held that the state trial court unreasonably accepted the prosecutor's race-neutral justifications for striking these jurors.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo a district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *See Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we defer to the last reasoned state-court decision on the merits of any claim unless the state court's ruling was "contrary to, or involved an unreasonable application of clearly established Federal Law," or "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Delgadillo v. Woodford*, 527 F.3d 919, 924–25 (9th Cir. 2008).[2] In evaluating a *Batson* claim, we must look to the "totality of the relevant facts," *Batson*, 476 U.S. at 94, being mindful that "the Constitution forbids striking

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them in detail.

[2] Here, the last reasoned state-court decision was the decision of the California Supreme Court. *People v. Jackson*, 920 P.2d 1254, 1268–70 (1996).

even a single prospective juror for a discriminatory purpose." *United States v. Vasquez- Lopez*, 22 F.3d 900, 902 (9th Cir. 1994). Applying these standards, we affirm.

Broomfield argues that, contrary to the district court's conclusion, none of the race-neutral justifications provided by the prosecutor for striking the three Black potential jurors were pretextual. We disagree. While some of the reasons provided by the prosecutor for striking the three potential jurors may have been legitimate, others were not. The prosecutor struck one Black potential juror allegedly because that potential juror was "too fair minded." But this justification is contradicted by the record, given the number of seated jurors who described themselves similarly. For example, one non-Black seated juror stated they "would be very fair." Another non-Black seated juror stated they would be "fair and impartial." And a third non-Black seated juror stated that they have "never been one to jump to conclusions or make initial judgment" and that they give "people the benefit of the doubt."

The prosecutor justified his strike of another Black potential juror by pointing to that juror's statement that "[i]f a psychiatrist or psychologist ha[s] interviewed the person, they would know quite a bit about that person." According to the prosecutor, that statement suggested that the Black potential juror "may give too great a weight to psychiatric testimony." But again, when compared to the

3

responses provided by seated jurors, the prosecutor's proffered justification is not supported. For example, two seated jurors indicated that psychiatric/psychological evaluations may "always" be considered to understand human behavior, whereas the Black potential juror indicated that such evaluations may only "sometimes" be considered. Another non-Black seated juror, a longtime registered nurse, indicated they had a favorable experience with psychiatric professionals and expressed no reservations about considering expert psychiatric or psychological evaluations.

The prosecutor's strike of another Black potential juror on the basis that the potential juror "enjoy[ed] soap operas" bore no explained relation to that individual's ability to serve as a juror. *See Miller-El v. Dretke*, 545 U.S. 231, 239 (2005) ("[T]he prosecutor must give a clear and reasonably specific explanation of his legitimate reasons for exercising the challeng[e]." (quoting *Batson*, 476 U.S. at 98 n.20) (some alterations in original)). And the prosecutor often failed to question and follow up with Black potential jurors regarding his purported subjects of concern, which casts further doubt on the legitimacy of his justifications.

Other evidence bolsters our conclusion that at least some of the prosecutor's race-neutral justifications were motivated by a discriminatory purpose. One hundred percent of Black potential jurors were struck from the venire as opposed to approximately a third of non-black jurors. *Ervin v. Davis*, 12 F.4th 1102, 1107 (9th Cir. 2021) (finding that statistical anomalies were "too disparate to be

explained away or categorized as mere happenstance" (quoting *Flowers v. Mississippi*, 139 S. Ct. 2228, 2248 (2019))); And the prosecutor eliminated all Black potential jurors using the first seven of his eighteen peremptory strikes. The sequence of the prosecutor's strikes here is suspect, and "give[s] rise to an inference of discrimination." *Flowers*, 139 S. Ct. at 2246 (quoting *Batson*, 476 U.S. at 97).

Given the "totality of the relevant facts," we conclude, as did the district court, that race was at least a "substantial motivating factor" in the prosecutor's exercise of at least one strike. *Currie v. McDowell*, 825 F.3d 603, 605, 614 (9th Cir. 2016) (first quoting *Johnson v. California*, 545 U.S. 162, 168 (2005); and then quoting *Cook v. LaMarque*, 593 F.3d 810, 815 (9th Cir. 2010)). We therefore agree with the district court's conclusion that the state court's decision to the contrary was unreasonable on the record before it.

**AFFIRMED.**