UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50111 |
| Plaintiff-Appellee, | D.C. No. 3:22-cr-01009-JO-1 |
| v. | Southern District of California, San Diego |
| LUIS ANGEL CRUZ-CRUZ, AKA Angel Sanchez-Cruz, | ORDER |
| Defendant-Appellant. | |

Before:  CALLAHAN, R. NELSON, and BADE, Circuit Judges.

The memorandum disposition filed on December 8, 2023, is hereby amended as follows.  The sentence on page 4 of the disposition that reads: "Although the district court might have concluded that the prosecution's comment concerning Juror 10 reflected an underlying bias, Cruz has not shown that the district court clearly erred absent additional evidence refuting the prosecution's race-neutral reasons" is deleted, and is replaced with the following sentence: "To the extent that Cruz's arguments are directed at *Batson*'s second step, we review those arguments de novo, and find that the prosecutor proffered race-neutral reasons for striking Juror 22."  The amended memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing and to deny the

petition for rehearing en banc.  The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are denied.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LUIS ANGEL CRUZ-CRUZ, AKA Angel Sanchez-Cruz,<br><br>Defendant-Appellant. | No.   22-50111<br><br>D.C. No.<br>3:22-cr-01009-JO-1<br>Southern District of California, San Diego<br><br>AMENDED<br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted December 5, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Defendant-appellant, Luis Angel Cruz-Cruz, appeals from his misdemeanor conviction for attempting to enter the United States by misrepresentation.  Cruz-Cruz asserts that the prosecution's peremptory strike of a young Latino juror

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violated his right to equal protection (a *Batson*[1] challenge) and that there was insufficient evidence to support the jury's conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We presume the parties' familiarity with the facts of the case and do not discuss them in detail here. The district court's judgment is affirmed.

1.     "Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure." *Batson v. Kentucky*, 476 U.S. 79, 86 (1986). Ruling on a *Batson* challenge invokes a three-step process: (1) a defendant must make a prima facie showing that the peremptory challenge was exercised on the basis of race; (2) if such a showing is made, the prosecution must offer a race-neutral reason for the strike; and (3) in light of the response, the trial court must determine whether the defendant has shown the prosecution's race-neutral reasons masked purposeful discrimination. *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018) (citing *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015)).

Ordinarily, we review a district court's ruling on a *Batson* challenge for clear error. *Id.* at 1028 (citing *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008)).

---

[1]     "*Batson*" is a shorthand description of a claim that a juror was stricken for an improper racial reason. *See Batson v. Kentucky*, 476 U.S. 79 (1986).

However, we "sometimes appl[y] de novo review when the district court's analysis was deficient, either because the court did not engage in a meaningful analysis or failed altogether to conduct a step three *Batson* assessment." *United States v. Hernandez-Garcia*, 44 F.4th 1157, 1166 (9th Cir. 2022). Still, the defendant bears the ultimate burden of showing purposeful discrimination. *Alvarez-Ulloa*, 784 F.3d at 566. Also, we give "broad deference to district judges, who observe *voir dire* first hand." *United States v. Vasquez-Lopez*, 22 F.3d 900, 902 (9th Cir. 1994); *see also Hernandez v. New York*, 500 U.S. 352, 365 (1991).

Here, the district court followed *Batson*'s three steps: it held that Cruz had made a prima facie showing of racial discrimination, it required that the prosecution proffer race-neutral reasons for the strike, and it then evaluated whether Cruz had shown the prosecution's race-neutral reasons masked purposeful discrimination. Thus, we review the district court's determination of no purposeful discrimination for clear error. *Mikhel*, 889 F.3d at 1028.

Cruz first argues that the government failed, at *Batson*'s second step, to offer a race-neutral reason for striking Juror 22, "a young Latino man," when the prosecutor "said, in quite plain terms, that he chose not to strike a similar juror [Juror 10] because, in part, 'she also was an Asian female.'" Cruz asserts that the prosecutor implicitly admitted that he struck a juror because of his race when he expressly justified keeping another person on the jury because of her race. But this

3

argument is a step too far, when, as here, the prosecutor asserted a number of race-neutral traits for striking Juror 22 (he was young, unmarried, and unemployed, with no children and no prior jury experience), and the district court found that the strike was not racially motivated. To the extent that Cruz's arguments are directed at *Batson*'s second step, we review those arguments de novo, and find that the prosecutor proffered race-neutral reasons for striking Juror 22.

Cruz further alleges that the district court erred at Batson's third step because (1) in comparing jurors, Cruz was incorrectly required to show an empaneled juror identical to Juror 22, rather than merely similar; (2) it failed to engage in a meaningful analysis when it did not recognize the prosecutor's shifting reasons as pretextual justifications; and (3) it incorrectly ruled that the jury's overall diversity "undercut any claim of discrimination against Latinos."

To Cruz's first argument, even under his standard he fails to show first that there was a similar juror to Juror 22. Cruz points to other jurors who shared individual traits with Juror 22, (one who was single, one who was unemployed, and one who was young and had no prior jury experience) but having one trait in common does not make two jurors similar. The juror who came closest to being comparable to Juror 22 was Juror 10, who was young, unemployed, had no children, and had no prior jury experience. But she was married, and her husband

4

was self-employed.  These traits suggest that Juror 10 had a different life experience from Juror 22.

To Cruz's second point, the district court accepted that the five traits mentioned by the prosecutor (young, unemployed, unmarried, had no children, and had no prior jury experience) are race-neutral grounds for striking a juror, and Cruz's briefs on appeal do not sufficiently argue otherwise.  Perhaps the district court might have been more skeptical of the prosecution's additional reasons for striking Juror 22, but, giving "broad deference to district judges, who observe *voir dire* first hand," *Vasquez-Lopez*, 22 F.3d at 902, Cruz has not shown that the district court clearly erred.

To Cruz's third argument, the district court did not perceive "the presence of various races on the jury [to] undercut any claim of discrimination against Latinos."  Rather, after concluding that the prosecutor's motive was not purposeful racial discrimination, it noted the panel's diversity.  This was not a factor in evaluating the prosecution's motive for striking Juror 22 so much as observation that Cruz's assertion of discriminatory motive did not find support in the overall context of the jury selection.

**2.**  We review de novo the denial of a Rule 29 motion for judgment of acquittal. *United States v. Lombera-Valdovinos*, 429 F.3d 927, 928 (9th Cir. 2005). However, "we ask whether, 'after viewing the evidence in the light most favorable

5

to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017) (internal quotation marks omitted) (quoting *United States v. Corona-Garcia*, 210 F.3d 973, 978 (9th Cir. 2000)).

Cruz argues that the government failed to prove two elements of his misdemeanor conviction: (1) it did not offer sufficient evidence that he was an alien at the time of his attempted entry, and (2) it failed to prove that he willfully made a false statement for the purpose of gaining entry.

Cruz's challenge to the sufficiency of the evidence of his alienage is not persuasive because there was sufficient corroborating evidence supporting his admission that he was not a United States citizen. He sought to enter the United States using a Washington state driver's license that stated, "Federal Limits Apply." After he twice asserted that he had a U.S. passport, database searches revealed that he did not have a U.S. passport and had never applied for one. Moreover, his admission of alienage came after he had been fully *Mirandized* and his effort to reenter the U.S. without documentation had been thwarted.

Cruz's challenge to the sufficiency of his willful false statement is similarly unpersuasive. The jury could reasonably find that Cruz, having lived in the U.S. for over a decade, fully understood Officer Hobbs and deliberately (i.e. willfully) told him that he had a passport in the hope that the officer would allow him to

6

reenter. Perhaps the jury could have disbelieved Officer Hobbs' testimony. But Cruz has not shown that, when viewing the evidence in the light most favorable to the government, no rational trier of fact could have found his statement was made willfully.

The district court's judgment is **AFFIRMED**.