**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES RAY MOORE,

           Petitioner - Appellant,

   v.

DERRICK OLLISON, Warden,

           Respondent - Appellee.

No. 08-56907

D.C. No. 3:07-cv-00141-IEG-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted April 7, 2010[**]
Pasadena, California

Before: PREGERSON, BEEZER and THOMPSON, Circuit Judges.

    James Ray Moore ("Moore") was convicted of first degree residential

burglary in California state court and sentenced to 25 years to life in prison. The

district court denied Moore's federal habeas petition, but granted a certificate of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appealability on the following issues: (1) whether the trial court erred by not requiring the prosecutor to justify its peremptory strike of the only African-American on the jury panel; (2) whether the prosecutor's alleged misconduct during his closing statement constitutes reversible error; (3) whether Moore received ineffective assistance of counsel because his trial counsel failed to investigate; and (4) whether Moore's sentence constitutes cruel and unusual punishment. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We affirm.

## I. Standard of Review

The district court's denial of Moore's habeas petition is reviewed de novo. See Luna v. Cambra, 306 F.3d 954, 959 (9th Cir. 2002), amended by 311 F.3d 928 (9th Cir. 2002). Because Moore's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is only available if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). Here, we review the California Court of Appeal decision to determine whether habeas relief is available under AEDPA.

## II. Peremptory Strike

2

The trial court did not err by failing to require the prosecutor to justify his exercise of a peremptory strike to dismiss the only African American on the jury panel. Under clearly established federal law, the trial court is only required to ask the prosecutor to justify his exercise of a peremptory strike if the defendant raises an inference of discrimination from the "totality of the relevant facts." See Johnson v. California, 545 U.S. 162, 168 (2005).

Here, defendant Moore and the dismissed juror shared the same ethnicity, but under the totality of the circumstances, that fact was not sufficient to raise an inference that the prosecutor was motivated by racial animus because during voir dire, the juror stated that her family had been friends with defendant Moore's family for 38 years, providing an obvious race-neutral explanation for the strike. See also United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir. 1994) (holding that "the fact that the juror was the one Black member of the venire does not, in itself, raise an inference of discrimination" and that "[a] district court must consider the relevant circumstances surrounding a peremptory challenge").

III. **Prosecutorial Misconduct**

Moore alleges that the prosecutor engaged in multiple instances of misconduct during his closing argument, including: (1) vouching for the credibility of witnesses; (2) stating facts not in evidence; (3) improperly referring to Moore's

3

prior felony convictions; and (4) misstating and shifting the burden of proof. Moore argues that these errors individually and cumulatively prejudiced him. Moore's arguments fail.

First, the prosecutor did not engage in misconduct, with the possible exception of vouching for the credibility of witnesses.[1] The prosecutor did not state facts not in evidence during closing argument; he merely drew reasonable inferences from the evidence. See United States v. Bracy, 67 F.3d 1421, 1431 (9th Cir. 1995). The prosecutor also did not improperly refer to Moore's prior felony convictions; he referred to them for the limited purpose of judging Moore's credibility. Finally, Moore's contention that the prosecutor misstated and shifted the burden of proof during his closing argument is procedurally defaulted because

---

[1] Even if the prosecutor engaged in the misconduct of vouching for the credibility of witnesses, there was no "substantial and injurious effect" on the jury's verdict. Moore argues that "the prosecutor's vouching had a substantial and injurious effect because the credibility of Mr. Moore and the officers was crucial to the case." In United States v. Molina, 934 F.2d 1440 (9th Cir. 1991), we held that "[v]ouching is especially problematic in cases where the credibility of witnesses is crucial." Id. at 1445. We differentiated between commenting on "flatly contradictory testimony," which is permissible because the inference is unavoidable that someone is lying, and commenting on the credibility of non-testifying witnesses, which is not permissible because it "cannot be considered an inference based on the evidence." Id. at 1445-46. Here, the prosecutor only commented on "flatly contradictory testimony," which is permissible because the inference is that someone is lying. In any case, there was no substantial and injurious effect on the jury's verdict because of the overwhelming evidence against Moore as discussed below.

4

he did not timely object. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (holding that federal habeas relief is barred when the prisoner failed to meet a state procedural requirement); People v. Sapp, 73 P.3d 433, 463 (Cal. 2003) (holding that a defendant's failure to object to prosecutorial misconduct waives the issue on appeal).

Second, Moore failed to demonstrate that any of the alleged acts of prosecutorial misconduct had a "substantial and injurious effect" on the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). The jury was faced with considerable evidence that Moore committed the burglary. It is undisputed that the neighbor who called 911 to report that someone was breaking into the victim's apartment later identified Moore as the burglar. It is also undisputed that the officers who responded to the 911 call observed Moore inside the victim's apartment and that Moore fled before he was ultimately apprehended. The victim's distinctive heart-shaped penny was found on Moore after he was arrested. Although Moore testified that he did not take the penny and suggested that officers planted the penny on him, there was no evidence to support this. Given the considerable evidence of Moore's guilt, the California Court of Appeal reasonably concluded that Moore had not been prejudiced by any of the alleged acts of prosecutorial misconduct.

## IV. Ineffective Assistance of Counsel

Moore contends that his conviction should be reversed because trial counsel provided ineffective assistance by failing to conduct a reasonable investigation. He alternatively requests an evidentiary hearing. Moore's contention that a reasonable investigation would have produced corroborating evidence is purely speculative. As discussed above, the jury was presented with considerable evidence that Moore committed the burglary. Moore has not shown a reasonable probability that an investigation would have affected the outcome of the proceeding. Because any incompetence by trial counsel was not prejudicial, we affirm the district court. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

## V. Sentencing

The trial court sentenced Moore to 25 years to life because he had three prior strike convictions. Moore contends that his sentence amounts to cruel and unusual punishment because it is grossly disproportionate to his conviction and criminal history. Under clearly established federal law, a sentence for a term of years only qualifies as cruel and unusual punishment in "rare and extreme case[s]." See Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quotation marks deleted).

Here, Moore was convicted of residential burglary, a "serious felon[y]" with a high potential for violence. See Ewing v. California, 538 U.S. 11, 30 (2003).

6

Moore has committed at least seven previous offenses—including three residential burglaries and two non-residential burglaries—and violated probation or parole on six separate occasions. Therefore, we hold that it was not unreasonable for the California Court of Appeal to conclude that Moore's sentence was not grossly disproportionate to his offense and criminal history.

## VI.    Conclusion

For the foregoing reasons, we affirm the district court and deny the petition.

**AFFIRMED.**