09-3338-cv (L)
Filozof v. Monroe Community College, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL FILOZOF,

     *Plaintiff-Appellant*,

   v.                                      No. 09-3338-cv(L)

MONROE COMMUNITY COLLEGE, R. THOMAS FLYNN,
JANET J. GLOCKER, CHET ROGALSKI, and SUSAN BELAIR,

     *Defendants-Appellees*,

THE COUNTY OF MONROE, SUSAN SALVADORE, DAVID
DAY, DIANA RAYNER, MONROE COMMUNITY COLLEGE
BOARD OF TRUSTEES,

     *Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

  * The Clerk of Court is directed to amend the caption to read as shown above.

1

**FOR APPELLANT:**     J. NELSON THOMAS (Annette M. Gifford, *of counsel*), Thomas & Solomon LLP, Rochester, NY.

**FOR APPELLEES:**     JAMES L. GELORMINI, Senior Deputy County Attorney (William K. Taylor, County Attorney, *of counsel*, and Howard A. Stark, Senior Deputy County Attorney, *on the brief*), Monroe County, Rochester, NY.

Appeal from a November 6, 2009 judgment entered in the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

On November 1, 2004, plaintiff-appellant Michael Filozof filed suit against Monroe Community College ("MCC"), its Board of Trustees and several of its officers and employees, and the County of Monroe. Filozof alleged that he was denied tenure at MCC on the basis of his Caucasian race, male gender, and conservative political beliefs, in violation of the First Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* Only Filozof's claims under the First Amendment and § 1983 survived summary judgment, and those claims, in turn, were dismissed following a jury trial. Filozof now brings this appeal against MCC, R. Thomas Flynn, Janet J. Glocker, Chet Rogalski, and Susan Belair (jointly "defendants"). Filozof asserts that the District Court erred in (1) denying his *Batson* challenge to the defendants' peremptory strike of the only African-American individual in the venire, and (2) granting defendants' motion for summary judgment on his claims of racial discrimination. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

*(1)* Batson *challenge*

In its landmark decision of *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court held that the use of racially-motivated peremptory challenges during jury selection is prohibited by the United States Constitution. *See also Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 630 (1991) (applying *Batson* analysis to civil cases). *Batson* adopted a three-pronged approach for determining whether peremptory challenges have been used in a racially discriminatory manner: in "Step 1," the moving party must establish a *prima facie* case of discrimination; in "Step 2," the opposing party must then provide a race-neutral justification for the exercise of the challenge; and in "Step 3," the district court then evaluates whether the moving party has satisfied his ultimate burden of establishing that the peremptory challenge was the result of "purposeful discrimination." *Batson*, 476 U.S. at 93-98; *see also United States v. Stavroulakis*, 952 F.2d 686, 695 (2d Cir. 1992). "Despite *Batson*'s three part framework, 'the ultimate burden of persuasion regarding improper motivation rests with, and never

2

shifts from, the opponent of the strike.'" *United States v. Martinez*, 621 F.3d 101, 109 (2d Cir. 2010) (quoting *Rice v. Collins*, 546 U.S. 333, 338 (2006)).

Defendants used a peremptory challenge on the only black member of the venire (consisting of 16 individuals following the dismissals for cause), and Filozof made a timely *Batson* challenge. In justifying this challenge, Filozof's counsel noted that the challenged juror was the only black member of the venire and explained that "[m]y concern is there's no basis on which to excuse her other than race." The District Court expressly questioned whether Filozof had met his burden of establishing a *prima facie* case of discrimination, but nonetheless invited defense counsel to explain his reasons for striking the juror in question. Counsel could only say that he "felt uncomfortable with her." The District Court then denied Filozof's *Batson* challenge from the bench:

> Well, I'll deny the *Batson* charge—or *Batson* challenge. I think just because there's one African-American in the box I don't think necessarily requires a *Batson* inquiry.

> The reasons given for [the juror's] dismissal are not very strong, but on the other hand, I don't think counsel has to have reasons, good reasons; they just can't be based on race.

> And I think just the fact that she happens to be African-American in this particular case, where there are no other African-Americans, I'll deny the *Batson* challenge.

The District Court expounded on its earlier *Batson* ruling during the course of its denial of Filozof's subsequent motion for a new trial. The District Court made several noteworthy comments during this proceeding:

> As I said at the time of trial, I wasn't sure plaintiff had established [a *prima facie* case]. All the plaintiff had established at that point is there was one juror, she was black, and she was struck. At the time I was inclined to simply base my ruling on that fact alone, that you haven't made out a *prima facie* case, period. But I didn't do that.

> But I'm not convinced that that still is not part of the analysis at this point. The Court did require [counsel for defendants] to make some explanation, if you will, of the reason for the strike and the reason was as we've described here at some length; the only reason was that—the reason was the lawyer was, quote, uncomfortable with the juror.
>
> * * * *
>
> There were no comments of counsel during *voir dire*, which sometimes exists. In this case because counsel made no comments at all during *voir dire* and did not participate, there was no comments of that ilk, and there was really very little motivation to strike this particular juror.

3

But I had a chance to review the process when it occurred, I had a chance to review the demeanor of the lawyer making the challenge, and I guess I'm not convinced that the use of the word or phrase that "I'm uncomfortable with the juror" is, in the context of this case, another way of saying that I struck the juror because she happened to be African-American.

\* \* \* \*

Based on all the factors that I have discussed here, based on my observation of the selection process, based on my observation of [defense counsel] and his reasons for doing what he did, I find that the plaintiff has failed to establish that there was purposeful discrimination in the decision to strike [the juror] from this jury.

Doctrinally, the *Batson* analysis in this case—both for us and for the District Court—is confused somewhat by the odd fact that defense counsel's "race-neutral" explanation for his peremptory challenge actually represents one of Filozof's main arguments that a *Batson* violation has indeed occurred. In making his initial *Batson* challenge, Filozof's counsel merely identified that the challenged juror was the only African-American in the venire and that he could think of no reason other than race to explain why she had been dismissed. As the District Court correctly stated, these facts alone do not necessarily establish a *prima facie* showing that the challenge was racially motivated. We held in *Cousin v. Bennett*, 511 F.3d 334, 339 (2d Cir. 2008), that "although there are no doubt circumstances in which a prosecutor's challenge of the only prospective juror of a particular race could give rise to a sufficiently strong inference of racial motivation to make a *prima facie* showing, the present facts do not give sufficient support to such an inference." *See also United States v. Bergodere*, 40 F.3d 512, 516 (1st Cir. 1994) ("[T]he mere fact that the prosecutor challenges the only juror of a particular race, without more, does not automatically give rise to an inescapable inference of discriminatory intent."); *United States v. Vasquez-Lopez*, 22 F.3d 900, 902 (9th Cir. 1994) ("[T]he fact that the juror was the one Black member of the venire does not, in itself, raise an inference of discrimination."). We further explained that "[a] trial court evaluating whether a prima facie showing has been made must consider 'all relevant circumstances.'" *Cousin*, 511 F.3d at 338 (quoting *Batson*, 476 U.S. at 96-97).

Despite its stated doubts about whether Filozof had met his burden at Step 1, the District Court proceeded to Step 2 by questioning defense counsel on his rationale for striking the juror in question. Defendants' counsel volunteered only that he felt "uncomfortable" with the juror in question. Filozof argues on appeal both that (1) we must construe defense counsel's lack of "comfort" with the juror as an admission that the juror was struck on account of her race, and (2) defense counsel's inability to provide even a modestly compelling, race-neutral explanation for his challenge at Step 2 necessarily requires Filozof to prevail on his *Batson* challenge.

Addressing the first point, counsel plainly could have been "uncomfortable" with the juror in question for many reasons having nothing to do with race. While counsel's explanation may not have been illuminating, it can hardly be taken as an *admission* that his peremptory strike was

4

motivated by racial considerations. Filozof's second argument is foreclosed by the Supreme Court's opinion in *Johnson v. California*, 545 U.S. 162 (2005). There the Court explained:

> Th[e] burden of persuasion rests with, and never shifts from, the opponent of the strike. Thus, even if the [nonmoving party] produces only a frivolous or utterly nonsensical justification for its strike, the case does not end—it merely proceeds to step three. The first two *Batson* steps govern the production of evidence that allows the trial court to determine the persuasiveness of the defendant's constitutional claim. It is not until the *third* step that the persuasiveness of the justification becomes relevant—the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination.

*Id.* at 171 (quotations and citations omitted).

The critical inquiry, then, is the one that takes place at Step 3, where the district court evaluates whether the moving party has satisfied his ultimate burden of establishing that the peremptory challenge was the result of "purposeful discrimination." After reviewing all of the relevant factors—including the strength of Filozof's initial *Batson* challenge as well as opposing counsel's purportedly race-neutral explanation for the challenge—the District Court concluded that Filozof failed to establish that any purposeful discrimination had occurred during jury selection.

"[T]he ultimate question of discriminatory intent represents a finding of fact that will be set aside only if clearly erroneous." *United States v. Taylor*, 92 F.3d 1313, 1326 (1996). We find nothing clearly erroneous about the determination of the District Court.

### (2) Racial discrimination claims

Fliozof also argues that the District Court erred in granting summary judgment for the defendants on his claims of racial discrimination under Title VII. "We review a district court's grant of summary judgment *de novo*, drawing all inferences in favor of the nonmoving party." *Ruiz v. County of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010).

In order to establish a *prima facie* case of discrimination, Filozof has the burden of demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination. *See, e.g., Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002).

In this case, the District Court held that Filozof failed to demonstrate circumstances giving rise to the inference that he was not renewed for his tenure-track position on account of his *race* (as opposed to his political beliefs). We agree. The difficulties Filozof encountered with his superiors

5

only arose after Filozof made his political views known within his department; indeed, a compelling component of Filozof's First Amendment claims (claims that ultimately failed) was the positive feedback he initially received from his superiors—feedback that previously enabled him to be reappointed as a tenure-track Instructor. Furthermore, "when the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997).

Based on the record before it, the District Court correctly dismissed Filozof's claims of racial discrimination.

## CONCLUSION

We have considered all of plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

6