**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| TINO PESE, | No. 09-16387 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-04199-PJH |
| v. | |
| D. L. RUNNELS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 4, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

Because the California Court of Appeal applied a standard of review

subsequently rejected by the Supreme Court in <u>Johnson v. California</u>, 545 U.S. 162

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(2005) as too burdensome to a defendant, we review de novo Pese's <u>Batson</u> claim. <u>Cooperwood v. Cambra</u>, 245 F.3d 1042, 1047-48 (9th Cir. 2001).

In so doing, we conclude from the trial record and all relevant circumstances that the challenges of which Pese complains were not exercised in such a manner that established a prima facie case of racial discrimination, i.e., done with a motive to exclude either Ms. Cooper, Ms. Mills, or Mr. Lewis because of their race.

Cooper, Mills, and Lewis were African-American; Pese a Samoan. There were no racial issues in the case. Trial counsel's <u>Batson</u> objection lacked any substantive content. When asked to respond to the prosecutor's defense of his challenges, counsel's response was, "I don't have anything to say at this point." He followed up this statement by merely arguing that the exclusion for racial reasons of one prospective juror was enough to support his challenge. Moreover, the prosecutor used only three of his fourteen strikes to challenge African Americans and, because Pese only challenges two of those strikes, the prosecutor only challenged 40% of the African American prospective jurors.

The trial judge, upon whom we rely in the first instance to police this issue, <u>Johnson</u>, 545 U.S. at 170, concluded based upon Cooper's and Lewis's questionnaires and voir dire that "adequate reasons" other than race did exist to exclude them from service. We note in this connection Lewis's assertive "you

figure it out" answer. Cooper's son was in prison, and she articulated her belief that the criminal justice system was unfair. Pese concedes that there were race-neutral reasons for striking her. Mills's misinformed answer regarding a defendant's right to present no evidence speaks for itself.

Finally, the district court conducted a comparative juror analysis and found nothing to support Pese's claim. We agree. Accordingly, Pese has not satisfied his never-shifting burden of persuasion. Rice v. Collins, 546 U.S. 333, 338 (2006).

AFFIRMED.

MURGUIA, Circuit Judge, dissenting:

I respectfully dissent. The first step of the *Batson* inquiry is not onerous. *Johnson v. California*, 545 U.S. 162, 170 (2005). The prosecutor struck three out of the four African-American prospective jurors. I conclude that this disproportionate number of stricken African-American venirepersons is sufficient to establish a prima facie case under *Batson. See Williams v. Runnels*, 432 F.3d 1102, 1107 (9th Cir. 2006) (a statistical disparity alone may be sufficient to establish a prima facie case).

Although the trial judge observed that race-neutral reasons existed for striking Cooper and Lewis, "it does not matter that the prosecutor might have had good reasons to strike the prospective jurors. What matters is the *real* reason they were stricken." *Paulino v. Castro*, 371 F.3d 1083, 1090 (9th Cir. 2004). Without the prosecutor's reasons for the strikes, the district court's comparative juror analysis is unable to compare the African-American jurors with other jurors on the basis of the prosecutor's stated reasons for striking them. *See Johnson v. Finn*, 665 F.3d 1063, 1071 (9th Cir. 2011) (the existence of race-neutral reasons for a peremptory strike "cannot negate the existence of a prima facie showing in the first instance").

Finally, the fact that Pese is Samoan, not African-American, does not prevent him from making out a prima facie case under *Batson. See United States v.*

*Vasquez-Lopez*, 22 F.3d 900, 901 (9th Cir. 1994) ("Peremptory challenges based solely on race are prohibited even if . . . the defendant is of a different race than the juror being struck."). I would remand to the district court to give the defendant the opportunity to hear and address the prosecutor's reasons for striking each prospective juror.